UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DEBRA J. S.,

        Plaintiff,

v.

                                                         5:15-CV-1385
                                                         (GTS/DJS)

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

APPEARANCES:                                                 OF COUNSEL:

OLINSKY LAW GROUP                             HOWARD D. OLINSKY, ESQ.
  Counsel for Plaintiff
300 S. State Street, Suite 420
Syracuse, NY 13202

SOCIAL SECURITY ADMINISTRATION          DAVID L. BROWN, ESQ.
OFFICE OF REG'L GEN. COUNSEL - REGION II   JOHANNY SANTANA, ESQ.
  Counsel for the Defendant                       SUSAN J. REISS
26 Federal Plaza, Room 3904                   Special Assistant U.S. Attorneys
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this Social Security action filed by Debra J. S. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "Commissioner"), is Plaintiff's motion for attorney's fees and costs in the amount of fourteen thousand four hundred and twenty-three dollars ($14,423.00) pursuant to 42 U.S.C. § 406(b). (Dkt. No. 18; Dkt. No. 26.) For the reasons stated below, Plaintiff's motion is granted.

**I.      RELEVANT BACKGROUND**

　　**A.      Facts and Procedural History**

On November 20, 2015, Plaintiff commenced an action in this Court seeking a reversal or remand of Defendant's denial of her claim for Supplemental Security Income. (Dkt. No. 1.) Plaintiff and her counsel had entered into a fee agreement. (Dkt. No. 18-3.) On June 13, 2016, pursuant to a stipulation signed by both parties, the Court ordered this case reversed and remanded to Defendant. (Dkt. No. 13; Dkt. No. 14.)

On August 9, 2016, Plaintiff filed a motion for attorney's fees and costs of $6,097.93 pursuant to the Equal Access to Justice Act, 24 U.S.C. § 2412 ("EAJA"). (*See generally* Dkt. No. 14.) Upon a stipulation signed by both parties, the Court granted Plaintiff's motion in the amount of $5,822.11.[1] (Dkt. Nos. 16, 17.) On September 6, 2016, Plaintiff's counsel received this amount. (Dkt. No. 18-1, at ¶ 8.)

On July 6, 2018, Administrative Law Judge ("ALJ") Gretchen M. Greisler issued a fully favorable decision, finding that Plaintiff was entitled to disability insurance benefits from August 1, 2012, onward, and validating the fee agreement between Plaintiff and her counsel. (Dkt. No. 18-2.) The total past-due benefits amounted to $54,310. (Dkt. 18-4, at 5.)[2]

On November 15, 2018, Defendant sent a Notice of Award to Plaintiff. (Dkt. No. 18-4.) On November 19, 2018, Plaintiff's counsel received that Notice of Award. (*Id.* at 2.) That notice stated, among other things, that Defendant was withholding $13,577.50 from Plaintiff's

---

[1]　　The stipulation accounted for $5,800.00 in legal fees and $22.11 in expenses. (Dkt. No. 16.)

[2]　　Page references to documents identified by docket number are to the page number assigned by the Court's CM/ECF electronic docketing system.

past-due benefits to pay any approved attorney's fees. (*Id.* at 5.) That notice also stated, among other things, that Plaintiff's counsel was entitled to no more than $6,000 under counsel's fee agreement with Plaintiff. (*Id.* at 4.)

On November 27, 2018, Plaintiff received a payment of $5,907.00 ($6,000.00 in agreed-upon attorney's fees minus$93.00 in administrative fees). (Dkt. No. 18-1, at ¶ 10.) On December 14, 2018, Plaintiff's counsel received a decision invalidating the previously-approved fee agreement between Plaintiff and her counsel, and advising counsel that he is entitled to request administrative fees through the petition process. (Dkt. No. 18-5.)

On March 31, 2019, Defendant sent another notice to Plaintiff. (Dkt. No. 26-1, at 1.) On April 1, 2019, Plaintiff's counsel received that notice. That notice indicated, among other things, that Plaintiff's counsel was entitled to up to $13,577.50 in attorney's fees and inquired whether Plaintiff's counsel had petitioned the ALJ for administrative fees. (Dkt. No. 26-1, at 1.) On April 4, 2019, Plaintiff filed the current motion for attorney's fees pursuant to 42 U.S.C. § 406(b)(1). (*See generally* Dkt. No. 18.)

### B. Briefing on Plaintiff's Motion

Generally, in her motion, Plaintiff argues that her counsel is entitled to an award of attorney's fees in the amount of $13,577.50 pursuant to 42 U.S.C. § 406(b), of which, $7,577.50 should be paid from Plaintiff's back benefits (given the $5,907.00 payment received on November 27, 2018 and the $93.00 administrative fee owed). (Dkt. No. 18-1, at ¶ 10 [Olinsky Aff.].) Plaintiff's counsel states that, upon the receipt of this payment, he would refund the EAJA fee of $5,800.00 previously awarded to Plaintiff. (Dkt. No. 18-1, at ¶ 14.)

Generally, in its response, Defendant concedes that the requested amount, which would

3

result in a *de facto* attorney hourly rate of $273.56, does not appear to be unreasonable. (Dkt. No. 22, at 2 [Def.'s Response Ltr.-Brief].) However, Defendant argues that Plaintiff's application for attorney's fees is untimely, because it was filed 140 days after November 15, 2018, the date of her receipt of the Notice of Award from the Social Security Administration. (*Id.* at 3-4.) In asserting this argument, Defendant acknowledges that there exist two different standards (one imposing a 14-day period for filing such an application, and the other imposing a reasonable period for such filing) applied by various circuit courts, and that the Second Circuit has not made a determination as to which standard, if either, applies in this Circuit. (*Id.* at 3-4.) Finally, Defendant argues that the previous award of attorney's fees under the EAJA in the amount of $5,822.11 should be returned to Plaintiff. (*Id.* at 4.)

    Generally, in his reply, Plaintiff argues that the Court should find her motion timely for each of two alternative reasons: (1) under either standard described by Defendant, Plaintiff's motion was timely because the final notice was received by Plaintiff's counsel on April 1, 2019, and the motion for attorney's fees was filed on April 4, 2019; and (2) even if the time began to run with the Notice of Award from November of 2018, the application was timely because it has always been the practice of this Court to apply the reasonableness standard, and courts have considered applications filed up to six months (177 days) after receipt of the notice of award to meet the reasonableness standard. (Dkt. No. 26, at 1-3 [Pl.'s Reply Mem. of Law].) Plaintiff also requests that the Court award additional attorney fees in the amount of $422.75 for her counsels's work for each of her two children, her auxiliary beneficiaries, because she received Notices of Award for each of those auxiliary beneficiaries on May 10, 2019, approximately one month after her motion was filed. (*Id.* at 3.)

Following this request for additional damages in Plaintiff's reply, Defendant did not file a sur-reply (or request leave to do so). (*See generally* Docket Sheet.)

## II. GOVERNING LEGAL STANDARD

Section 406(b) of the Social Security Act states that, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court has held that Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court," but rather "calls for court review of such arrangements as an independent check to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). If the fee set by the contingency-fee agreement is within the 25% boundary established by Section 406(b), then "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. For assessing reasonableness of a fee set by a contingency agreement, the Supreme Court noted that multiple factors should be considered, including the character of the representation, the results the representative achieved, and whether the attorney was responsible for delay in the litigation in order to increase fees. *Id.* at 808.

The Second Circuit has noted that contingency-fee agreements ordinarily should be afforded the same deference that the court would afford to any contract between parties where that contract is a "freely negotiated expression of both a claimant's willingness to pay more than

5

a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). District courts therefore must look first to the contingency-fee agreement and reduce the amount specified in that agreement only when it finds the amount to be unreasonable. *Wells*, 907 F.2d at 371. When determining whether the fee is reasonable, the district court "need not make mathematical calculations," but should (a) determine whether the amount requested is within the 25% cap, (b) consider whether there has been fraud or overreaching in making the agreement, and (c) consider whether the amount is so large as to be a windfall to the attorney. *Id.* at 372.

Until recently, the Second Circuit was unsettled as to when a motion for attorneys' fees must be filed under Section 406(b). *Sinkler v. Berryhill*, 932 F.3d 83, 85 (2d Cir. 2019); *Russell W v. Comm'r of Social Security*, 16-CV-0008, 2019 WL 5307315, at *2 (N.D.N.Y. Oct. 21, 2019) (D'Agostino, J.). "On August 2, 2019, the Second Circuit held that motions for attorneys' fees under 42 U.S.C. § 406(b) are subject to Rule 54(d)(2)(B)'s fourteen-day filing period." *Russell W.*, 2019 WL 5307315, at *2 (citing *Sinkler*, 932 F.3d at 85). "Where . . . a Social Security claimant secures a judgment reversing a denial of benefits and remanding for further proceedings, the fourteen-day filing period is tolled until the claimant receives notice of the amount of any benefits award. That is because the benefits award amount is necessary to identify the maximum attorney's fee that may be awarded under § 406(b)." *Sinkler*, 932 F.3d at 85. In other words, the "fourteen-day filing period is subject to equitable tolling." *Russell W.*, 2019 WL 5307315, at *2. The "Second Circuit indicated that the fourteen-day period begins to run '[o]nce *counsel* receives notice of the benefits award [.]'" *Id.* (emphasis in original) (quoting *Sinkler*, 932 F.3d at 88). The law presumes that a party receives communications three days after mailing

6

(*Sinkler*, 932 F.3d at 89 n.5) and that notice is mailed to the counsel of record and claimant at the same time. *Russell W.*, 2019 WL 5307315, at *2.

III.     **ANALYSIS**

After carefully considering Plaintiff's arguments and the applicable case law, the Court awards Plaintiff's counsel the requested $14,423.00 in attorney's fees and costs for the reasons stated in Plaintiff's motion papers. (*See generally* Dkt. No. 18-1 [Olinsky Aff.]; Dkt. No. 26 [Pl.'s Reply Mem. of Law].) To those reasons, the Court adds the following analysis.

Both counsel have recognized that, at the time the motion was filed, the Second Circuit had not yet decided the question of whether a motion for fees pursuant to Section 406(b) must be filed within fourteen days, as motions governed by Fed. R. Civ. P. 54(d)(2)(b) must be filed, or within a reasonable time period, as provided in Fed. R. Civ. P. 60(b)(6). (Dkt. No. 22, at 3-4 [Def. Response Ltr.-Brief]; Dkt. No. 26, at 1-2 [Pl. Reply Mem. of Law].) Although the Second Circuit now limits counsel to a fourteen-day filing period, based on the "circumstances surrounding the instant application as discussed above, the Court declines to deny Plaintiff's counsel's motion on the basis of untimeliness." *Russell W.*, 2019 WL 5307315, at *3.

Although Plaintiff's counsel initially received a Notice of Award on November 19, 2018, that notice stated a maximum attorney fee award that was subsequently determined to be incorrect. *See*, *supra*, Part. I.A. of this Decision and Order. Granted, an argument could be made that when counsel received a decision (on December 14, 2018) invalidating his fee agreement with Plaintiff, he had obtained constructive notice of the maximum attorney's fee that may be awarded. However, it was not until April 1, 2019, that Plaintiff's counsel received a notice that expressly stated the maximum attorney fee award. *Id.* What is more, the legal standard applied

7

by this District at the time that Plaintiff filed her motion was one of reasonableness, pursuant to which the 140-day delay would have been acceptable.[3] Taken together, these unusual circumstances warrant a finding by the Court that the fourteen-day filing period should be tolled until April 1, 2019.[4] Because Plaintiff's counsel filed his motion three days later, within *Sinkler*'s fourteen-day filing period, that motion is timely.

Accordingly, for the reasons stated above, the Court finds that Plaintiff's motion is timely.

As to the reasonableness of the amount of fees requested in the application, the Court finds that (a) the amount requested does not exceed the 25% range allowable by law, (b) there is no evidence or allegation of fraud or overreach in the making of the contingency fee agreement, and (c) the amount is not so large as to constitute a windfall for Plaintiff's attorney. *See Buckley v. Berryhill*, 15-CV-0341, 2018 WL 3368434, at *2-3 (W.D.N.Y. July 10, 2018) (approving a *de facto* hourly rate of $1,000.00); *Karki v. Comm'r of Soc. Sec.*, 13-CV-6395, 2018 WL 1307947, at *2-3 (E.D.N.Y. Mar. 13, 2018) (finding that an hourly rate of $1,066 would constitute a windfall and reducing the amount to $500 per hour for 21.1 hours of work); *Filipkowski v. Barnhart*, 05-CV-1449, 2009 WL 2426008, at *2 (N.D.N.Y. Aug. 6, 2009) (Sharpe, J.) (approving a *de facto* hourly rate of $743.30 for 33.25 hours of work); *Rowell v. Astrue*, 05-CV-

---

[3] *See, e.g. Tammy K v. Comm'r of Soc. Sec.*, 15-CV-0871, 2019 WL 1567523, at *3 (N.D.N.Y. Apr. 1, 2019) (Suddaby, C.J.) ("[T]he approximately four and a half months between the Social Security Administration's notice to Plaintiff and the Section 406(b) application for attorney's fees meets the 'reasonable time' standard, as applied to other cases in this Circuit."); *see Rita M.B. v. Berryhill*, 16-CV-0262, 2018 WL 5784101, at *4 (N.D.N.Y. Nov. 5, 2018) (Peebles, M.J.) (summarizing cases approving fee requests up to six months after notice).

[4] *See Sinkler v. Berryhill*, 932 F.3d 83, 89 (2d Cir. 2019) ("[D]istrict courts are empowered to enlarge th[e] filing period where circumstances warrant.").

1592, 2008 WL 2901602, at *5 (E.D.N.Y. July 28, 2008) (finding that a fee amounting to an hourly rate of $443.94 per hour was not a windfall); *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 324 (S.D.N.Y. 2007) (approving a *de facto* hourly rate of $705.00). The evidence shows that (a) the attorney's efforts on behalf of Plaintiff were successful, (b) 27.7 hours of attorney time, as well as 7.1 hours of paralegal time, were dedicated to Plaintiff's case before the Court, (c) the case was handled efficiently, and (d) the requested amount is within the range that other courts have found to be reasonable. The Court therefore finds that the amount requested (which would result in a *de facto* attorney hourly rate of $273.56 if the total amount of $13,577.50 were considered) would not constitute a windfall to Plaintiff's counsel.

Plaintiff has also requested the Court award $422.75 in attorney's fees for her counsel's work for each of Plaintiff's two auxiliary beneficiaries. Courts in this Circuit have found that counsel is entitled to attorney fees payable to both the plaintiff and the plaintiff's auxiliary beneficiaries. *Baron v. Astrue*, 311 F. Supp. 3d 633, 635-37 (S.D.N.Y. 2018); *McMahon v. Colvin*, 13-CV-4181, 2016 WL 3365406, at *2 (E.D.N.Y. June 16, 2016). Additionally, these courts analyze the plaintiff's and the plaintiff's auxiliary beneficiaries together, as a single entity.[5] *Baron*, 311 F. Supp. 3d at 635-37; *McMahon*, 2016 WL 3365406, at *2. Here, the Court finds that (a) the amount requested does not exceed the 25% range allowable by law, (b) there is no evidence or allegation of fraud or overreach in the making of the contingency fee agreement, and (c) the amount is not so large as to constitute a windfall for Plaintiff's attorney. Therefore,

---

[5] It is worth noting that Plaintiff's counsel submitted this supplemental request for attorney fees within the *Sinkler* fourteen-day filing period because the reply brief was filed on May 17, 2019, and the two Notices of Award were received on May 10, 2019. (Dkt. No. 26.)

9

Plaintiff's counsel is also entitled to the attorney fees for work done for Plaintiff's two auxiliary beneficiaries.

Finally, Plaintiff's counsel has expressly acknowledged his obligation to refund to Plaintiff the amount of the EAJA fee award received previously, as a condition of this award. This fact, while not determinative, provides additional support for the Court's finding that the application is reasonable.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for attorney's fees and costs (Dkt. No. 18) is **<u>GRANTED</u>**; and it is further

**ORDERED** that Plaintiff's counsel is awarded attorney's fees and costs in the amount of **FOURTEEN THOUSAND FOUR HUNDRED TWENTY-THREE DOLLARS ($14,423.00)** in accordance with this Decision and Order; and it is further

**ORDERED** that, upon receipt of these fees, Plaintiff's counsel shall refund to Plaintiff the **FIVE THOUSAND EIGHT HUNDRED TWENTY-TWO DOLLARS AND ELEVEN CENTS** ($5,822.11) in fees and expenses obtained pursuant to the EAJA.

Dated: March 12, 2020
Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge